Riley WASHINGTON, Respondent,

v.

INDEPENDENT SCHOOL DISTRICT NO. 625, Appellant.

No. C3–99–1768.

Court of Appeals of Minnesota.

May 16, 2000.

Marshall H. Tanick, Teresa J. Ayling, Mansfield & Tanick, P.A., Minneapolis, MN (for respondent).

Timothy J. Pawlenty, Karen A. Janisch, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, MN (for appellant).

Considered and decided by KLAPHAKE, Presiding Judge, CRIPPEN, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

After an investigation appellant school district fired respondent from his job as an assistant principal. In a civil action for wrongful discharge, respondent sought information collected in the investigation. Appellant withheld some of the information on the ground that it was protected nonpublic data. The district court granted respondent's motion for disclosure of most of the data, and awarded respondent attorney fees and costs as the prevailing party. Appellant contends that respondent was not entitled to an award of fees and costs. Respondent contends that he was entitled to a higher award of attorney fees.

## FACTS

Respondent Riley Washington worked for appellant Independent School District No. 625 as an assistant high school principal during the 1997–98 school year. When a student accused Washington of inappropriate sexual overtures, the school district investigated. The investigator made notes and transcribed tape-recorded interviews of various people. Quoting from the interviews, the investigator provided a report to the board of education. The board terminated Washington's employment.

Washington sued the school district for wrongful discharge and lodged an administrative complaint with the local human rights department. He then asked the school district for his personnel records. The school district withheld some records pertaining to the investigation on the ground that they were private data. Washington sued the school district to obtain those records, claiming that they were public.

After various motions by both parties, the district court conducted an in camera review of the disputed documents and ordered the school district to disclose all requested items except the complainant's grade sheets. Treating Washington as the prevailing party, the court awarded to him $7,000 in attorney fees. The court limited the attorney fee award to the amount Washington had incurred up to the time the school district offered to release the

documents for an in camera review if Washington would agree to dismiss the lawsuit and waive costs and attorney fees. Washington did not accept the offer.

The school district appealed on the ground that the law does not allow an award of attorney fees under the circumstances of this case. Washington filed a notice of review, contending that the district court erred by not awarding the full amount of attorney fees he incurred in obtaining the disputed documents.

## ISSUE

Statutes classify data collected by a political subdivision in anticipation of civil litigation as protected nonpublic data that is not accessible to the subject of the data without a court order. When the subject of the data obtains a court order for disclosure, is he an aggrieved party who is entitled to an award of attorney fees?

## ANALYSIS

■■■ This court will not reverse a trial court's award or denial of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). Generally, attorney fees are not recoverable in litigation unless authorized by contract or statute. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). When the determination of the appropriateness of attorney fees involves the construction of Minnesota's Data Practices Act, we review such construction de novo. *Deli v. Hasselmo*, 542 N.W.2d 649, 655 (Minn.App.1996), *review denied* (Minn. Apr. 16, 1996).

Minn.Stat. § 13.39, subd. 2 (1998), provides that data collected by a political subdivision in anticipation of or to defend a civil action are "protected nonpublic data." Data in this category are "not accessible to the subject of the data." Minn.Stat. § 13.02, subd. 13 (1998). The district court ruled that the data Washington sought "was collected in anticipation of pending civil actions and is nonpublic."

Washington does not challenge this ruling on appeal.

Minn.Stat. § 13.39, subd. 2a (1998), permits a court to order disclosure of protected nonpublic data after conducting an in camera review and applying a balancing test to determine the propriety of disclosure. The district court's review and order are not challenged on appeal.

In awarding attorney fees to Washington, the court relied on Minn.Stat. § 13.08, subd. 4 (1998):

[A]ny aggrieved person may bring an action in district court to compel compliance with this chapter and may recover costs and disbursements, including reasonable attorney's fees, as determined by the court.

The court reasoned that, because Washington succeeded in obtaining most of the documents he requested, he was "a prevailing party" under section 13.08, subd. 4, and was, therefore, entitled to an award of fees. But the statute permits an award of attorney fees only to an "aggrieved person." That term is not defined. Unless words in statutes have been given or have acquired special or technical meaning, they are to be construed "according to their common and approved usage." Minn.Stat. § 645.08(1) (1998). The common usage of "aggrieved" is "[t]reated wrongfully," or "offended," "as by denial of or infringement upon one's legal rights." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 34 (3d ed.1992).

■■■ The school district contends that, although Washington was entitled to seek disclosure of protected nonpublic data by invoking the procedures provided in Minn. Stat. § 13.39, subd. 2a, he was not an aggrieved person within the intent of section 13.08, subd. 4. We agree. The school district did not wrongfully withhold data that Washington was entitled to have. Rather, the school district withheld data that by statute are "not accessible" to Washington without a court order for disclosure. Minn.Stat. § 13.02, subd. 13.

Thus, Washington does not fit the common usage of the term "aggrieved person."

Additionally, a holding that Washington qualifies as an aggrieved person would involve an unreasonable construction of the applicable statutes. Under that construction, a political subdivision would be required by law to withhold protected nonpublic data from the subject of the data. If the political subdivision complied, it would nevertheless be subject to an award of attorney fees if a court later permitted the disclosure of the protected nonpublic data. Thus, the political subdivision would be penalized for complying with a legislative mandate. We cannot conclude that the legislature intended such a construction of the data practices laws. *See* Minn. Stat. § 645.17(1) (1998) (in ascertaining intent of the legislature, courts may presume legislature did not intend a result that is "absurd, impossible of execution, or unreasonable").

The district court erred in construing Minn.Stat. § 13.08, subd. 4, to allow Washington to receive an award of attorney fees. Because of this holding, we need not reach the issue of the adequacy of the attorney fees award.

## DECISION

The district court erred when it awarded respondent attorney fees and costs as the prevailing party. Fees and costs are available only to an aggrieved party. An aggrieved party is one whose rights have been infringed. Because respondent had no right to the disclosure of protected nonpublic data, appellant committed no wrong against him by withholding the data until the district court ordered disclosure.

**Reversed.**