**Mark P. WIEGEL, and the City of St. Paul Police Federation, Appellants,**

**v.**

**The CITY OF ST. PAUL and John C. Hamilton, Director of the Office of Human Resources, Respondents,**

**Gerald A. Simon, Allen J. Leopold and St. Paul Fire Fighters Local 21, Appellants,**

**v.**

**The City of St. Paul and John C. Hamilton, Director of the Office of Human Resources, Respondents.**

**No. C6–00–2050.**

Court of Appeals of Minnesota.

May 8, 2001.

Review granted July 24, 2001.*

* BLATZ, C.J., took no part in the consideration or decision of this case.

Mark W. Gehan, Collins, Buckley, Saun-try & Haugh, P.L.L.P., St. Paul, MN, (for appellants).

Clayton Robinson, St. Paul City Attor-ney, Gerald T. Hendrickson, Assistant City Attorney, St. Paul, MN, (for respondents).

Considered and decided by RANDALL, Presiding Judge, FOLEY, Judge, and HUSPENI, Judge.

## OPINION

DORIS O. HUSPENI,[**] Judge

Appellants, contending that they are "aggrieved persons" within the meaning of Minn.Stat. § 13.08, subd. 4 (2000), challenge the district court's vacation of an award of attorney fees. Because appellants do not meet the definition of "aggrieved persons," we affirm.

## FACTS

Appellant Mark Wiegel is a 16-year veteran of the St. Paul Police Department, and a member of the St. Paul Police Federation. In 1998, Wiegel participated in a promotional examination for the position of police sergeant, administered by the City of St. Paul. The promotional exam was divided into two separate testing stages. Wiegel successfully completed a written and practical exam during stage one, and was invited to return to the testing center for stage two, an oral interview.

After completing the oral interview, Wiegel sought access to the interviewers' notes and memoranda produced during the oral exam. The City refused to provide Wiegel access to the requested data, noting that Minn.Stat. § 13.34 (2000) of the Minnesota Data Practices Act prohibited the disclosure. Subsequently, the St. Paul Police Federation requested an advisory opinion from the Commissioner of Administration. The commissioner found that neither the identity of the interviewers nor their interview notes were protected from disclosure under Minn.Stat. § 13.34. The City was provided with a copy of the com-

missioner's opinion. The City advised the federation that they would not act in conformance with the commissioner's determination, but would disclose the identity of the interviewers.

Appellant Gerald Simon is employed by the City of St. Paul as a firefighter, and is a member of the St. Paul Firefighters Local 21. In 1999, Simon participated in a promotional examination for the position of fire captain, administered by the City of St. Paul. The exam consisted of three components: (1) "fire simulator" exam, (2) "in-basket" exam, and (3) oral interview. Simon successfully passed two portions of the exam but failed to achieve a passing score on the oral interview. Simon subsequently submitted a request to review the "scoring criteria" and "scores from each board member." The City refused to disclose the requested data.

Appellant Allen J. Leopold is employed by the City of St. Paul as a firefighter, and is a member of the St. Paul Firefighters Local 21. Both Leopold and Simon participated in the same promotional exam administered by the City of St. Paul. Because Leopold failed to achieve a passing score during the first stage of the exam, he was not given an opportunity to participate in the oral interview portion of the exam. Leopold sought access to the audiotape recorded during the "fire simulator" portion of his exam, and to the interviewers' scoring sheets prepared during the exam. Subsequently, the St. Paul Firefighters Local 21 submitted a similar request. The City refused to disclose the requested data.

Wiegel, Simon, and Leopold brought an action against the City. Wiegel and the City filed cross-motions for summary judg-

[**] Retired judges of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

ment. Because of the legal and factual similarity of Wiegel, Simon, and Leopold's claims, the cases were consolidated. The district court conducted an in camera review of the examination materials. Subsequently, the district court granted appellants' motion for summary judgment and ordered the City to provide (1) Wiegel and Simon the notes and memoranda prepared during their respective oral interviews, and (2) Leopold the notes and memoranda compiled during the "fire simulator" portion of his exam. The court awarded attorney fees to appellants. Additionally, the court announced a prospective rule:

> Defendants in future cases shall provide the examinee with a complete record of the examinee's testing results, along with the notes and memoranda of each examiner, unless the responsible authority determines that access would compromise the objectivity, fairness or the integrity of the examination process.

Subsequently, the court issued an amended order that provided a period of time during which the City could object to the attorney fees award. Appellants then sought clarification regarding which, if any, of the disputed materials were "examination materials" under Minn.Stat. § 13.34. The City opposed appellants' request for clarification. The City also sought vacation of the attorney fees award, arguing that this court's recently released opinion, *Washington v. Independent Sch. Dist. No. 625*, 610 N.W.2d 347, 349 (Minn. App.2000), controlled in the present case.

The parties could not agree on language to modify the amended order, and the court found that no clarification was necessary. Pursuant to *Washington*, the court vacated the award of attorney fees. This appeal followed.

## ISSUE

Did the district court err by concluding that appellants were not "aggrieved per-sons" under Minn.Stat. § 13.08, subd. 4 (2000), and therefore not entitled to attorney fees?

## ANALYSIS

This court will not reverse a district court's award or denial of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). When the determination of the appropriateness of attorney fees involves the construction of Minnesota's Data Practices Act, a question of law, this court reviews such construction de novo. *Deli v. Hasselmo*, 542 N.W.2d 649, 655 (Minn.App.1996).

The goal of all interpretation and construction of statutory language is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2000). If the words of the statute are "clear and free from all ambiguity," further construction is neither necessary nor permitted. *Id.* It is a fundamental rule of statutory construction that words and phrases are to be construed according to their plain meaning. *Id.; Kirkwold Constr., Inc. v. M.G.A. Const., Inc.*, 513 N.W.2d 241, 244 (Minn. 1994). A reviewing court may not read ambiguity into an otherwise clear statute under the guise of statutory interpretation. *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986).

The Minnesota Government Data Practices Act regulates the collection, creation, storage, maintenance, dissemination, and access to government data in state agencies and political subdivisions. Minn.Stat. § 13.01, subd. 3 (2000). The act establishes a presumption that all government data is "public" unless there is a federal law, state statute, or temporary classification of data that provides for an exception. *Id.*

Upon request, "an individual who is the subject of stored private or public data on individuals shall be shown the data" and "informed of the content and meaning of that data." Minn.Stat. § 13.04, subd. 3 (2000). Appellants sought access to their individual data in accordance with this provision.[1] In refusing to provide the data, the City claimed that disclosure would compromise the objectivity and fairness of the examination process and that this data was nonpublic, available only by court order.

■ The district court, after examining the requested data in camera, ordered that it be provided to appellants. Having obtained the relief they sought in district court, appellants contend that the City wrongfully withheld private data to which appellants were entitled as a matter of right, that they are "aggrieved" persons within the meaning of Minn.Stat. § 13.08, subd. 4 (2000), and that they are entitled to attorney fees under that statute, which provides in pertinent part:

any aggrieved person seeking to enforce the person's rights under this chapter or obtain access to data may bring an action in district court to compel compliance with this chapter and may recover costs and disbursements, including reasonable attorney's fees, as determined by the court.

■ Therefore, argue appellants, the district court erred in vacating the attorney fees award it had made initially. The City, while not challenging the decision to make the requested data available, responds that appellants were not entitled to the data as of right, but only pursuant to an order of the court; therefore, appellants were not "aggrieved persons" entitled to attorney fees.[2] In support of this argument, the City relies on Minn. Stat. § 13.34 (2000) which provides:

Data consisting solely of testing or examination materials, or scoring keys used solely to determine individual qualifications for appointment or promotion in public service, or used to administer a licensing examination, or academic examination, *the disclosure of which would compromise the objectivity or fairness of the testing or examination process are classified as nonpublic, except pursuant to court order.* Completed versions of personnel, licensing, or academic examination shall be accessible to the individual who completed the examination, unless the responsible authority determines that access would compromise the objectivity, fairness, or integrity of the examination process. * * *.

(Emphasis added.)

There is merit to the argument of the City. In its order making the requested data available to appellants, the district court stated:

Defendants in future cases shall provide the examinee with a complete record of the examinee's testing results, along

1. Appellants sought access to interviewers' notes and memoranda. Each interviewer was given a document entitled "Notes" to use during the oral exam. The Notes record the rating the interviewer gave the examinee on each question, and contain additional space for remarks. The exam questions are not contained on the Notes form.

   The Director of Human Services for the City of St. Paul noted that

   the Notes of the [interviewers] are not the "scoring of [the applicants] papers" nor are

they " 'short answer' questions and answers." They are the ratings of the applicant's performance at a[sic] the Oral Interview.

2. One is "aggrieved" when "[t]reated wrongfully," or "offended," "as by denial of or infringement upon one's legal rights." *Washington v. Independent Sch. Dist. No. 625,* 610 N.W.2d 347, 349 (Minn.App.2000) (quoting The American Heritage Dictionary of the English Language 34 (3d ed. 1992)).

with the notes and memoranda of each examiner, unless the responsible authority determines that access would compromise the objectivity, fairness or the integrity of the examination process.

This statement of the district court is a clear recognition of the discretion granted to the City to withhold data under certain circumstances. When disclosure is denied under section 13.34, a party may seek relief before the court and may be successful in obtaining that relief. That success, however, is not the equivalent of a determination that there was an entitlement as of right to the requested data.

■ The district court's reliance on *Washington v. Independent Sch. Dist. No. 625*, 610 N.W.2d 347 (Minn.App.2000), in vacating the award of attorney fees was appropriate. In that case, a teacher who had been terminated obtained a court order for disclosure of a school district's nonpublic protected data concerning the teacher's personnel records and the investigation of him. *Id.* at 348. This court determined that the teacher was not an "aggrieved person" entitled to attorney fees; that the school district did not wrongfully withhold data, but rather withheld data that by statute was not accessible to the teacher without a court order. *Id.* at 349.

The *Washington* court determined that, although Washington was entitled to seek disclosure of nonpublic data by obtaining a court order, he was not an aggrieved person within the intent of Minn.Stat. § 13.08, subd. 4. *Id.* Similarly, in this case, although appellants were entitled to seek disclosure of data by seeking court intervention, the City properly exercised its discretion in withholding data which it believed would compromise the objectivity or fairness of the examination process if disclosed.

In this case, the district court inspected the data in camera and determined, in effect, that its release would not compro-

mise the objectivity or fairness of the testing or examination process. In determining the critical issue before this court--whether appellants are "aggrieved parties" entitled to attorney fees--we conclude that they were not. The district court recognized the applicability of section 13.34, analyzed the conduct of the City in consideration of the discretion given responsible authorities under the statute, and incorporated the continuing discretion in its order. Nothing in the court's order, however, can support even an inference that appellants were entitled to the requested data as a matter of right, or that the City acted wrongfully in withholding the data until ordered to do so.

In both this case and *Washington*, responsible authorities were entitled under relevant statutes to withhold data until ordered to do so by the court. In neither case, therefore, were those who sought disclosure of the data "aggrieved persons" entitled to attorney fees. The court properly vacated such award here.

## DECISION

Because the terms of Minn.Stat. § 13.08, subd. 4 (2000), permit the award of attorney fees and costs to aggrieved persons, appellants are not entitled to such an award.

**Affirmed.**

DANIEL F. FOLEY,** Judge (dissenting)

I respectfully dissent and would reverse. In vacating the award of attorney fees, the district court, relying on *Washington v. Independent Sch. Dist. No. 625*, 610 N.W.2d 347, 349 (Minn.App.2000), concluded that the disputed data were not accessible by appellants absent a court order. The majority concurs with that holding, but I disagree.

---

** Retired judges of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

I would reverse for either of two reasons. First, words and phrases are to be construed according to their plain meaning. Minn.Stat. § 645.08(1) (2000). Interviewer's notes and memoranda do not constitute "examination materials." Therefore, Minn.Stat. § 13.34 (2000) is inapplicable to the present case. Second, the goal of all interpretation of statutory language is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2000). By including the word "solely" within Minn.Stat. § 13.34, the legislature intended this word to be given meaning. Even assuming that the requested data were examination data, they are not *solely* examination materials, and therefore fall outside the scope of Minn.Stat. § 13.34.

The plain language of Minn.Stat. § 13.34, requires that, in order to be considered "examination data," the data must consist "*solely* of testing or examination materials, or scoring keys" (emphasis added). This requirement was construed by the commissioner and the district court to include only objective examination materials. Therefore, the court concluded that only the actual exams and/or scoring keys were wholly objective in nature, and appellants were entitled to subjective materials, including the interviewers' notes and memoranda. However, the court failed to specify which, if any, of the requested data were classified as examination data under Minn. Stat. § 13.34. But for the court's qualifying language referencing future examinees, the court's order does not reference Minn. Stat. § 13.34.

Examination materials consist of the questions posed to examinees, but would not include the interviewers' impressions of the examinee's oral responses. The interviewers' notes and memoranda are not tests, examination materials, or scoring keys. Therefore, Minn.Stat. § 13.34 is inapplicable to the present case. Accordingly, the data sought by appellants would be private data, available for review by the examinee. "Private data on individuals" means data "which is made by statute or federal law applicable to the data: (a) not public; and (b) accessible to the individual subject of that data." Minn.Stat. § 13.02, subd. 12 (2000).

The majority reasons that the interviewer's notes and memoranda were examination materials. Even assuming that the majority is correct in classifying the notes and memoranda as such, the requested information was not "data consisting *solely* of testing or examination materials, or scoring keys." The legislature included the phrase "solely" and this court must give effect to the plain language of the statute. The notes and memoranda are not data consisting solely of examination materials, because they include the interviewer's impressions of the examinee. Even if the notes did contain the examinee's verbatim responses, these responses likely do not constitute examination materials.

Furthermore, the disclosure of the interviewer's impressions of the examinee would not compromise the "objectivity or fairness of the testing or examination process." By disclosing the disputed data, the city would reveal the examinee's individual responses to oral questions. The examinee's responses, correct or incorrect, may or may not lead one to determine the interviewer's question. The interviewers' notes would not disclose information that would compromise the integrity of the testing process. The notes and memoranda do not contain the favored or preferred response, but simply contain the individual interviewer's impressions of the examinee.

All data compiled by the government is presumed to be accessible by the public unless specifically excluded by law or classification. Minn.Stat. § 13.01, subd. 3 (2000). The disputed data are categorically

excluded from Minn.Stat. § 13.34. Because the data are private data on individuals, appellants are entitled to the data.

Unlike *Washington,* appellants' right to access was not predicated on obtaining a court order. Appellants were entitled to access to the interviewers' notes and memoranda without a court order. Because appellants were entitled to access to the data as a matter of right, they are "aggrieved persons" entitled to reasonable attorney fees under Minn.Stat. § 13.08, subd. 4 (2000). The common usage of "aggrieved" is "[t]reated wrongfully," or "offended," "as by denial of or infringement upon one's legal rights." *Washington,* 610 N.W.2d at 349 (quoting THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 34 (3d ed. 1992)). Appellants fit the common usage of the term "aggrieved persons."

Because appellants are entitled to attorney fees and costs under Minn.Stat. § 13.08, subd. 4, for compelling the city to comply with the data practices act, I would reverse.